IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Respondent,               No. CR S-02-0079 FCD GGH P

   vs.

WESLEY SINE,

       Movant.                 <u>ORDER</u>

_____/

       One of movant's (Sine's) § 2255 claims is that Michael Wansten, the government's first witness in Sine's/Panthaky's criminal fraud trial, lied when he testified on several occasions that he had never received "his $30,000.00 back." <u>See</u> e.g., RT 90 (1/12/05). Sine attached to his motion for new trial as exhibits, checks, or some type of other money transfer, made out to Wansten and his wife totaling $30,000.00. Specifically, a first check was made out to the Bank of Utah or Michael Wansten dated August 19, 1998 in the amount of $25,000.00. This check was apparently cashed by the Bank of Utah as it wrote a check to Michael Wansten dated that same day, apparently later endorsed by Wansten. Thereafter, it appears that a money transfer, perhaps a wire transfer, was sent to Wansten's wife in the amount of $5,000.00 dated September 28, 1998.

\\\\\

1

According to the testimony, Wansten sent defendants $30,000 for investment purposes on or about July 1, 1998.  The term of the investment,[1] 90 days, was set to expire on or about September 30, 1998.  The date on the $25,000 check ultimately, apparently, sent to Wansten  was August 19, 1998 – far short of the expiration of the 90 day period.  The supplemental $5,000 money transfer was sent closer to the end of the investment period.

For the reasons set forth by the government, including the fact that Sine testified that Wansten had not been repaid, and the fact that the fairly contemporaneous, lengthy back-and-forth between Wansten and Sine after default would surely have referenced an alleged repayment, even if only partial, the court doubts the materiality of any alleged testimonial inaccuracy.  However, the alleged receipt of the principal amount by the victim should be finally determined.  Therefore, before assessing whether to hold an evidentiary hearing, and before determining the materiality of any alleged inaccuracy in Wansten's testimony, the undersigned would like to expand the record with a declaration from Wansten concerning the alleged receipt of a total of $30,000 before, or proximate to, the expiration of the investment period.

Accordingly, the United States is ordered to attempt contact with Michael Wansten, send him copies of the referenced checks/transfer, and procure a declaration from him under penalty of perjury concerning whether he in fact received monies from Sine/Panthaky/Alpha Trust prior, or proximate, to the end of the expiration of the Wansten investment period in question at Sine's trial, and if received, Wansten's understanding of what receipt of those monies was intended to accomplish.

The declaration, or a filing explaining why procurement of a declaration was not possible, shall be filed no later than August 29, 2008.  If the Wansten declaration is filed, the

\\\\\

\\\\\

---

[1]  The investment was to return the original $30,000 and another $30,000 "interest" after a 90 day period.

1  government may accompany it with a short brief limited to the Wansten issue.  Sine may file a

2  concise response brief no later than September 19, 2008.

3  DATED: 08/01/08

                                              /s/ Gregory G. Hollows

4                                              _____

5                                              UNITED STATES MAGISTRATE JUDGE

6

GGH:gh:035

7  sine0079.brf

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26